

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, NY 10278*

March 22, 2024

*[Handwritten: 3/22/2024 The court will hold a continuation of def's bail hearing on March 25, 2024 at 2:30 p.m. in Courtroom 23A. So Ordered. Sidney H. Stein, U.S.D.J.]*

**By ECF and Email**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Josue Vargas*, S7 21 CR 93 (VM)

Dear Judge Stein,

The Government respectfully submits this letter to request that the Court, sitting in its capacity as Part 1, reopen the referred detention hearing of March 12, 2024 and reconsider its decision to affirm the release order of the Honorable Sarah L. Cave, United States Magistrate Judge for the Southern District of New York, on the basis that "information exists that was not known to the [Government] at the time of the [detention] hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of . . . the community." 18 U.S.C. § 3142(f). In short, the representations that the defendant and one of the defendant's proposed co-signers made through the defendant's counsel to the Court concerning the defendant's purported employment at Baldor Specialty Foods ("Baldor") were categorically false. In fact, the defendant has never worked at Baldor, let alone for the approximately one year of regular employment that he claimed. And Baldor has no present intention to employ the defendant. Given (i) the significant weight that the Court gave to both the defendant's proffered prior and ongoing lawful employment at Baldor and, perhaps most significantly, (ii) the defendant's willingness to blatantly misrepresent this fact to Pretrial Services, to Judge Cave, and to the Court, the Government respectfully resubmits that there is no condition or combination of conditions that can reasonably assure the return of the defendant to this courthouse or the safety of the community. The defendant has no record or promise of lawful employment, and his willingness to lie about the same—again, to Pretrial Services, to Judge Cave, and to the Court—and to enlist another person to lie on his behalf very clearly illustrates why he cannot be trusted and why in turn he cannot even rebut the statutory presumption for detention.

At the appearance on March 12, 2024, counsel to the defendant related extensive information concerning the defendant's supposed employment at Baldor that counsel received both from the defendant and from the defendant's alleged supervisor at Baldor, Jesus Castillo, a proposed co-signer.[1] (*See* 03/12/24 Tr. at 9:17-10:22, 16:22, 16:25-17:2 ("Mr. Vargas works, has

---

[1] The Government emphasizes that of course counsel for the defendant, Mr. Benjamin Zeman, Esq., did nothing other than relate to the Court with the utmost good faith information that he received from the defendant and Mr. Castillo, information that he had no reason whatsoever to

been working at Baldor Specialty Foods in Hunts Point, the Bronx. . . . I spoke with his boss. He has been working since last spring. In fact, his boss assures me that he has a job for Mr. Vargas if he is released.")). Acknowledging at the appearance's end that the record made its determination to release the defendant "not an easy decision," the Court explained the reasons for its determination, concluding with "the fact that [the defendant] has a job which I view as very important and apparently [it] is a 40-hour a week job, and not only that, the supervisor is willing to stand up and put his money where his mouth is in terms of co-signing the bond." (*Id.* at 30:7-19).

Following the decision of the of the Court on March 12, 2024, counsel for the Government and the defendant continued in their work together to fulfill the conditions of release that were previously set, including the necessary work to review and approve the defendant's four proposed co-signers. With respect to the two moral suasion co-signers and one of the financially responsible person co-signers, counsel for the Government and counsel for the defendant encountered no issues, and those co-signers stand duly reviewed and approved with the magistrate clerk's office. The defendant's alleged supervisor at Baldor, however, the second proposed financially responsible co-signer, Mr. Castillo, did not respond to multiple attempts by the Government to reach him by telephone. To date, the Government has not heard from Mr. Castillo. Because co-signers prepared to sign a substantial bond on behalf of a defendant are typically very prompt in their communications with the Government, the Government grew suspicious. In turn, the Government communicated with Baldor, and received confirmation that the defendant had indeed been hired to work at Baldor in a warehouse capacity on or about July 24, 2023; however, the defendant "no showed" at his onboarding for the work and never appeared thereafter. Indeed, Baldor provided the Government with documentation that shows the defendant has never worked there, not even for one hour, which documentation the Government has provided to counsel for the defendant. Baldor further confirmed that it has no present intention to employ the defendant at any time in the future.

The Government respectfully submits that that the defendant, an armed drug trafficker, has no lawful employment, certainly no prospect of lawful employment, and was prepared to lie and to enlist another person to lie on his behalf to secure his release, no matter the cost. Facing a mandatory minimum sentence of thirty years' imprisonment, if convicted, for his managerial role in very dangerous criminal activity, the defendant powerfully shows the Court through his

---

suspect was mistaken, let alone wholly fabricated. When the Government informed Mr. Zeman earlier this week that it had been unable to reach Mr. Castillo to review his status as a proposed financially responsible co-signer and that it had in turn investigated the defendant's employment at Baldor, Mr. Zeman was obviously shocked to learn that the defendant has never worked at Baldor.

outrageous and repeated dissembling not only why he cannot be trusted but why he cannot be released.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: *Thomas John Wright*
Michael R. Herman
Thomas John Wright
Assistant United States Attorneys
(212) 637-2221/2295

cc: The Chambers of the Honorable Victor Marrero (United States District Judge) (by email)
   The Chambers of the Honorable Sarah L. Cave (United States Magistrate Judge) (by email)
   Natasha Ramesar (United States Pretrial Services Officer) (by email)
   Benjamin Zeman (Counsel to Defendant Josue Vargas) (by ECF and email)